IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric Reynolds,<br><br>   Petitioner,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | C/A No. 9:24-cv-4056-SAL<br><br>**ORDER** |

  Petitioner Cedric Reynolds ("Petitioner"), a pro se litigant, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. When he filed his petition, he was an inmate at FCI Bennettsville in Bennettsville, South Carolina. [ECF No. 1.] On September 24, 2024, Petitioner was notified of insufficiencies in his petition and advised on how to bring the petition into proper form. [ECF No. 3.] The proper form was returned as undeliverable, so it was remailed to Petitioner at the Residential Reentry Management Field Office in Atlanta, GA ("RRM Atlanta"), the location where he had been moved to according to records from the Bureau of Prisons ("BOP"). Petitioner did not respond to the court's order and failed to amend his complaint within the established timeframe, which has now lapsed. This matter is before the court on a Report and Recommendation (the "Report") issued by United States Magistrate Judge Molly H. Cherry pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), recommending that the court dismiss Petitioner's case for lack of jurisdiction, for mootness, and for failure to bring the petition into proper form. [ECF No. 10.] Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he

failed to do so.[1] *Id.* at 7. Petitioner has not filed objections, nor has he responded to the court, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation*.*" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 10, and incorporates it by reference herein. As a result, this matter **is DISMISSED without prejudice and without requiring Respondent to file a return.**

**IT IS SO ORDERED.**

December 27, 2024                                                     Sherri A. Lydon
Columbia, South Carolina                                          United States District Judge

---

[1] The Report was mailed to Petitioner at both FCI-Bennettsville and Atlanta RRM. The copy mailed to FCI-Bennettsville was returned to the court as undeliverable, but neither of the documents mailed to Atlanta RRM have been returned to the court. Based on the BOP website, it appears Petitioner is still present at Atlanta RRM.